UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-381-GWU

JAMES HUBBARD,                                                                           PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

James Hubbard brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

07-381   James Hubbard

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hubbard, a 42-year-old former reclamation worker, yard worker and farm worker with a "limited" education, suffered from impairments related to fibromyalgia, restless leg syndrome, and anxiety. (Tr. 14, 17). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 15, 17). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 18). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 17-18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-381 James Hubbard

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to sedentary level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally bend, squat, or crawl; (2) an inability to ever climb ladders, ropes or scaffolds; (3) an inability to perform jobs requiring driving; (4) an inability to perform jobs requiring pushing or pulling; (5) a "limited but satisfactory" ability to relate to co-workers and the public; (6) an inability to perform jobs requiring reading; and (7) a restriction to jobs requiring no more than simple one and two step instructions. (Tr. 245). In response, Ellis identified a significant number of jobs which would remain available. (Tr. 245-246). Therefore, assuming that the vocational factors considered by the expert fairly characterized Hubbard's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no reversible error. Hubbard was found capable of performing a restricted range of sedentary light level work in an administrative decision which became final on July 29, 2005. (Tr. 34-41). Principles of <u>res judicata</u> require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity

8

07-381   James Hubbard

finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The current ALJ's hypothetical question omitted the prior ALJ's restrictions concerning a 30-minute limitation on continuous sitting, standing or walking as well as the mild restriction on exposure to heights.[1]  (Tr. 40).  However, the jobs relied upon by the prior ALJ would have included this limitation and presumably would remain available.  (Tr. 39).  The plaintiff has not raised this omission as an issue. Therefore, any error would appear harmless.

Dr. Theodros Mengesha examined Hubbard and noted a history of restless leg syndrome, fibromyalgia, carpal tunnel syndrome and arthritis.  (Tr. 156). Physical examination revealed no focal or cerebellar abnormalities.  (Tr. 158).  No pathological reflexes were observed with the exception of a positive Phalen's test on the left and a positive Tinel's test on the right involving all the fingers.  (Id.).  Grip strength was normal and joint deformities were not observed.  (Tr. 159).  Straight leg raising was negative sitting and supine.  (Id.).  The doctor found no sign of nerve root compression.  (Id.).  An x-ray of the left ankle was normal.  (Id.).  Dr. Mengesha found no trigger or tender points to support a diagnosis of fibromyalgia.  (Id.).  The

---

[1]This omission appears to have been inadvertent rather than deliberate since the ALJ made the same findings as the previous ALJ in the text of his denial decision.  (Tr. 15).

07-381  James Hubbard

doctor concluded that the plaintiff's carpal tunnel syndrome was "mild" but did not impose serious impairment upon him. (Id.). The examiner opined that the claimant needed appropriate sleep studies to confirm the diagnosis of restless leg syndrome.[2] (Id.). The doctor found no physical evidence to support functional limitations in such areas as stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects, or traveling. (Id.). This report clearly does not indicate a deterioration in Hubbard's condition since the previous denial decision and, so, supports the administrative decision.

Dr. Paul Pedersen, a treating source at Knox Family Medicine, submitted opinions concerning Hubbard's ability to perform work activities on two occasions. In July, 2006, Dr. Pedersen opined that the plaintiff could perform a restricted range of sedentary level work. (Tr. 188). The doctor identified more severe physical restrictions in April of 2007 with lifting limited to no more than five pounds. (Tr. 213-216). The ALJ opined that his conclusions regarding the plaintiff's functional capacity were consistent with the July, 2006 opinion. (Tr. 16). The ALJ rejected Dr. Pedersen's April, 2007 opinion stating it was not based on objective medical data and contradicted by other medical evidence. (Tr. 17). This action would appear appropriate. The Knox Family Medicine treatment notes document treatment

---

[2] The plaintiff told the physician that this diagnosis had been made by his rheumatologist without the benefit of sleep studies. (Tr. 159).

largely for minor transitory complaints concerning minor aches, coughing or sore throats. (Tr. 143-155). The records submitted by Dr. Pedersen are insufficient to show deterioration in the claimant's condition since the prior denial decision. Dr. Mengesha's report strongly contradicts the assessment.

Dr. Timothy Gregg (Tr. 161-168) and Dr. Allen Dawson (Tr. 203-210) each reviewed the record and opined that Hubbard would be able to perform a restricted range of light level work. The reviewers each reported some restrictions not found by the ALJ, including a need to avoid all exposure to hazards and the limitations on fingering, handling and reaching overhead. (Tr. 164-165, 206-207). However, these opinions were outweighed by that of Dr. Mengesha, an examining source. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 416.927(d)(1). Therefore, these reports do not provide a basis for remand.

The current record reveals no deterioration in Hubbard's mental status since the prior denial decision. Psychologists Laura Cutler (Tr. 169) and Edward Stodola (Tr. 189) reviewed the record and did not believe that it revealed the existence of a "severe" mental impairment. Therefore, this portion of the administrative decision was supported by substantial evidence.

11

07-381   James Hubbard

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 13th day of August, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**